UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO CHAVEZ,<br><br>           Plaintiff,<br><br>      v.<br><br>KINGS COUNTY JAIL WELL PATH MEDICAL, et al.,<br><br>           Defendants. | No. 1:23-cv-01154 GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 6)<br><br>ORDER DIRECTING PLAINTIFF TO INFORM THE COURT WHETHER HE REMAINS INCARCERATED<br><br>ORDER DIRECTING PLAINTIFF TO COMPLETE AND FILE A NON-PRISONER IN FORMA PAUPERIS APPLICATION IF HE IS NO LONGER INCARCERATED, OR PAY THE FILING FEE IN FULL<br><br>PLAINTIFF'S COMPLIANCE WITH THIS ORDER DUE **JULY 25, 2024** |

Plaintiff, a county jail inmate at the time he filed the instant complaint, is proceeding pro se and in forma pauperis and has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's motion for the appointment of counsel and his notice of change of address. ECF No. 6. For the reasons stated below, Plaintiff's request for the appointment of counsel will be denied. In addition, Plaintiff will be ordered to: (1) inform the

1

1 Court whether he is still incarcerated, and (2) if he is no longer incarcerated then he is directed to
2 complete and file a non-prisoner in forma pauperis application, or pay the filing fee in full.

3      I.    MOTION FOR THE APPOINTMENT OF COUNSEL

4     A. Relevant Facts

5 In Plaintiff's request for the appointment of counsel, he requests "a pro bono lawyer."
6 ECF No. 6. He states that he is homeless and that he will not be able to move forward with his
7 case without the help of counsel. Id.

8     B. Applicable Law

9 District courts lack authority to require counsel to represent indigent prisoners in section
10 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Furthermore, in
11 forma pauperis status does not provide for expenditure of public funds to cover expenses such as
12 copies of court documents, witness costs, etc. See generally 28 U.S.C. § 1915(f); see also Porter
13 v. Dep't of Treasury, 564 F.3d 176 n.3 (3rd Cir. 2009); ECF No. 68 at 4.

14 In exceptional circumstances, the court may request an attorney to voluntarily represent
15 such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
16 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining
17 whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of
18 success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of
19 the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009)
20 (district court did not abuse discretion in declining to appoint counsel). The burden of
21 demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most
22 prisoners, such as lack of legal education and limited law library access, do not establish
23 exceptional circumstances that warrant a request for voluntary assistance of counsel.

24     C. Analysis

25 Plaintiff's request for the appointment of counsel must be denied. His complaint raises
26 three claims of violation of right under the Eighth and Fourteenth Amendments, stemming from
27 Defendants' failure to treat him for a couple of weeks after he bit into a peach "core" which broke
28 his tooth in half and left him in agonizing pain. ECF No. 1 at 3-5.

On its face, the claims in the complaint are not complicated and Plaintiff has clearly set forth his contentions.  For these reasons, having considered the factors under Palmer, at this time the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel.

## II. PLAINTIFF'S INCARCERTION STATUS

### A. Relevant Facts

On August 14, 2023, Plaintiff was granted in forma pauperis status.  ECF No. 4.  At the time Plaintiff filed his application to proceed in forma pauperis, he stated that he was incarcerated.  Id. at 1.  That same address is on Plaintiff's complaint.  Compare ECF No. 1 at 1 (address on first page of complaint), with ECF No. 2 at 1 (address on in forma pauperis application).

In the instant motion for the appointment of counsel, Plaintiff provides an address that he states is his "new address", and that he is "home less." ECF No. 6 at 1.  However, a comparison of the address in the motion to the one that is on the first page of Plaintiff's complaint indicates that that the addresses are the same.  Compare ECF No. 1 at 1 (address in case caption of pleading), with ECF No. 6 (address at bottom of instant motion).  Consequently, it is not clear whether Plaintiff does, in fact, have a new address.

### B. Applicable Law and Analysis

When an inmate who has a matter before this Court is released from incarceration, he must satisfy the poverty provisions applicable to non-prisoners.  McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 29, 30 (2d Cir. 1996); see DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003) (agreeing with McGann Court's finding that released prisoner may proceed in forma pauperis upon satisfying poverty provisions applicable to non-prisoners).  Therefore, if Plaintiff is no longer incarcerated, in order to proceed with this case he must either file a non-prisoner application to proceed in forma pauperis, or he must pay the filing fee in full.  Because Plaintiff's incarceration status is unclear on the record, he will be ordered to inform the Court of it and, if necessary, either file a non-prisoner application to proceed in forma pauperis or pay the filing fee in full.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a copy of the Court's application to proceed in forma pauperis for non-prisoners;

2. Plaintiff's motion for the appointment of counsel (ECF No. 6) is DENIED, and

3. Within fourteen days from the date of this order – **by July 25, 2024,** – Plaintiff shall:

   a. INFORM the Court whether he is still incarcerated, and if he is no longer incarcerated he must,

   b. Either COMPLETE AND FILE a non-prisoner application to proceed in forma pauperis IF he is no longer incarcerated or PAY the filing fee in full. See 28 U.S.C. § 1915(a)(1).

IT IS SO ORDERED.

Dated: __July 11, 2024__                    /s/ Gary S. Austin
                                            UNITED STATES MAGISTRATE JUDGE