UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO CHAVEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>KINGS COUNTY JAIL WELL PATH MEDICAL, et al.,<br><br>  Defendants. | No.  1:23-cv-01154 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY IN FORMA PAUPERIS STATUS SHOULD NOT BE REVOKED CONSISTENT WITH 28 U.S.C. § 1915(g)<br><br>(ECF No. 4)<br><br>PLAINTIFF'S SHOWING OF CAUSE, OR IN THE ALTERNATIVE, HIS PAYMENT OF THE FILING FEE IN FULL, OR HIS VOLUNTARY DISMISSAL OF THIS ACTION DUE IN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE COURT DOCKETING SYSTEM TO INCLUDE PLAINTIFF'S ALIASES |

   Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   For the reasons stated below, Plaintiff will be ordered to show cause why his in forma pauperis status (see ECF No. 4) (order granting) should not be revoked consistent with 28 U.S.C. § 1915(g) and he be required to pay the filing fee in full prior to proceeding any further with this action.  Plaintiff will be given fourteen days either to file the showing of cause; pay the filing fee

1

in full, or voluntarily dismiss this action. In addition, the Clerk of Court shall be ordered to update the Court's docketing system to include Plaintiff's aliases "Pablo M. Chavez" and "Pablo Mendoza Chavez."

## I. PLAINTIFF'S ALIASES

At the outset, and relevant to this order, the Court first takes judicial notice[1] of the fact that during his time as an inmate, Plaintiff, who has a Kings County Jail inmate identification number of "1005528" written on the instant complaint (see ECF No. 1 at 1), has also gone by the aliases of "Pedro M. Chavez" and "Pedro Mendoza Chavez."[2]

Gthe Clerk of Court will therefore be directed to update the Court's docketing system so that it includes Plaintiff's aliases. In addition, when determining Plaintiff's three strikes litigant status, the Court has also considered cases that have been filed by Plaintiff in federal court under his aliases.

## II. IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right." Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right."). An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the status was improvidently granted. Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same).

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] See Chavez v. Kings County, No. 1:20-cv-00369 AWI EPG at ECF No. 1 at 1 (Plaintiff uses the 1005528 ID number and calls himself "Pablo Mendoza Chavez" on complaint); Chavez v. Kings County, 1:20-cv-00471 SKO at ECF No. 1 at 1 (Plaintiff uses 1005528 ID number and calls himself "Pablo Mendoza Chavez" on complaint); Chavez v. Kings County, No. 1:20-cv-00532 GSA at ECF No. 1 at 1 (Plaintiff uses 1005528 ID number and calls himself "Pablo Mendoza Chavez" and "Pablo M. Chavez" on complaint).

The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court. Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart).

### III. THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action *and the reasons underlying it*." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an

3

amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing. See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

IV.   PLAINTIFF'S THREE STRIKES STATUS

A review of court records reveals that at least three cases previously brought by Plaintiff qualify as strikes under Section 1915(g). The Court takes judicial notice of the following lawsuits previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) prior to him bringing the instant matter:

4

- Chavez v. Kings County, No. 1:20-cv-00503 JLT HBK (E.D. Cal. Oct. 11, 2022) (dismissal for failure to prosecute after finding of failure to state claim; Plaintiff being given leave to amend, and then failing to do so);[3]

- Chavez v. Kings County, No. 1:20-cv-00532 DAD GSA (E.D. Cal. Oct. 6, 2021) (dismissal for failure to obey court order; failure to state a claim, and failure to prosecute);

- Chavez v. Cal-Fire, No. 1:20-cv-00801 JLT HBK (E.D. Cal. Oct. 31, 2022) (dismissal for failure to prosecute and for failure to obey court order after finding of failure to state claim; Plaintiff being given leave to amend, and then failing to do so), and

- Chavez v. Ramirez, No. 1:20-cv-01269 ADA HBK (E.D. Cal. July 17, 2023) (dismissal for failure to comply with a court order and for failure to prosecute after finding of failure to state claim; Plaintiff being given leave to amend, and then failing to do so).

V.  DISCUSSION

Plaintiff brought[4] the instant action on July 28, 2023.[5]  See ECF No. 1 at 6 (7/28/23 signature date on complaint); see also ECF No. 2 at 2 (7/28/23 signature date on application to proceed in forma pauperis).  At that time, all four of the above-referenced cases had been dismissed on grounds stated in Section 1915(g).  As a result, as a three strikes litigant, Plaintiff is required to pay the filing fee in full, unless at the time he brought he instant action before this Court, he made an adequate showing that he was in imminent danger of serious physical harm. See 28 U.S.C. § 1915(g) (serious physical harm requirement).

---

[3] See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding dismissal with leave to amend for failure to state claim followed by failure to amend constitutes strike under Section 1915(g)).  The style of the dismissal or of the procedural posture is immaterial.  See El Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016).

[4] An action has been "brought" for purposes of Section 1915(g) when a complaint and a request to proceed in forma pauperis have been submitted to the Court.  See O'Neal, 531 F.3d at 1152.

[5] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

5

### A. No Imminent Danger Alleged in Instant Case

Plaintiff's complaint raises three claims. In Claim One, he alleges that his Eighth and Fourteenth Amendment rights were violated when in May of 2023, he bit into a peach core in his mixed fruit and broke his tooth, which was painful and which left him unable to use the tooth. ECF No. 1 at 3. As result, the tooth had to be pulled due to Defendants' negligence. Id. This left him in more pain, he states. Id.

In Claim Two, Plaintiff states that his Eighth and Fourteenth Amendment rights were violated again when Defendants ignored his complaints of pain after the incident, simply telling him to file a medical slip. ECF No. 1 at 4. Plaintiff states he was not seen until almost a week later, when his tooth was extracted. Id. During this time, Plaintiff states he was in pain. Id.

Finally, in Claim Three, Plaintiff states that Defendants deprived him of life's basic necessities when Defendants left him in pain instead of contacting a nurse to help him get pain medication or taking him on an emergency call. ECF No. 1 at 5. He contends that Defendants left him in pain while they finish medical call. Id.

Plaintiff seeks damages in the amount of $50,000.00 for loss of his tooth and for pain and suffering. ECF No. 1 at 6. He also seeks punitive and compensatory damages for negligence, reckless disregard, serious indifference, pain and suffering, and emotional injury. Id.

### B. Analysis

None of the three above referenced claims Plaintiff has raised in the original complaint make sufficient allegations that Plaintiff was in imminent danger of serious physical harm when he filed it in July of 2023. See generally ECF No. 1. His allegation of mental health injury is not a proper exception to the three strikes rule, either. See generally 28 U.S.C. § 1915(g) (only referencing imminent *physical harm* exception).

For these reasons, Plaintiff has failed to show that he meets the imminent danger of serious physical harm exception identified in Section 1915(g). Therefore, as a three strikes litigant, Plaintiff's in forma pauperis status must be revoked, and he must pay the filing fee in full prior to proceeding any further in this action. However, prior to making this recommendation, Plaintiff will be ordered to show cause why he is not a three strikes litigant and why, as a result,

6

his in forma pauperis status should not be revoked.  As an alternative to filing the showing of cause, Plaintiff may pay the filing fee in full, or he may voluntarily dismiss this action.  Plaintiff will be given fourteen days to take one of these three courses of action.  Plaintiff is informed that his voluntary dismissal of this action will not necessarily preclude his being identified as a three strikes litigant in the Court's docketing system.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall UPDATE the docketing system to reflect that Plaintiff has also been known as "Pablo M. Chavez" and "Pablo Mendoza Chavez."  See, e.g., Chavez v. Kings County, No. 1:20-cv-00369 AWI EPG at ECF No. 1 at 1; see also Chavez v. Kings County, No. 1:20-cv-00532 GSA at ECF No. 1 at 1;

2. Plaintiff is ordered to SHOW CAUSE why his in forma pauperis status (ECF No. 4) should not be REVOKED;

3. As an ALTERNATIVE to filing the showing of cause, Plaintiff may either PAY THE FILING FEE IN FULL, or VOLUNTARILY DISMISS this action, and

4. Plaintiff shall have fourteen days from the date of this order to take either course of action.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may likely result in a recommendation that this matter be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **September 10, 2025**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE

7