UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO CHAVEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KINGS COUNTY JAIL WELL PATH MEDICAL, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-01154-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Pablo Chavez is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    BACKGROUND**

On March 17, 2025, Plaintiff filed an untitled document, docketed as a Notice to Proceed with Case. (Doc. 14.)

On September 11, 2025, the previously assigned magistrate judge, Gary S. Austin, issued an Order Acknowledging Plaintiff's Notice to Proceed with Case (Doc. 15) and an Order Directing Plaintiff to Show Cause Why In Forma Pauperis Status Should Not Be Revoked Consistent with 28 U.S.C. § 1915(g) (Doc. 16). Plaintiff was ordered to respond within 14 days. (*Id*. at 7.)

On September 22, 2025, the September 11, 2025, orders were returned by the United

1   States Postal Service (USPS) marked "Undeliverable," "[Return to Sender]," and "Inactive."

2   On October 6, 2025, this action was reassigned from Gary S. Austin to the undersigned.

3   (Doc. 17.) The order was served on Plaintiff to his address of record that same date.

4   On October 20, 2025, the reassignment order was returned by the USPS marked

5   "Undeliverable," and "Inactive."

**II.   DISCUSSION**

Plaintiff has failed to keep the Court apprised of his current address. Therefore, for the reasons set forth below, the undersigned will recommend this action be dismissed without prejudice.

*Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing

1   parties within thirty (30) days thereafter of a current address, the Court may dismiss the action
2   without prejudice for failure to prosecute." (Emphasis omitted.)
3         "In determining whether to dismiss an action for lack of prosecution, the district court is
4   required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;
5   (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
6   policy favoring disposition of cases on their merits; and (5) the availability of less drastic
7   sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks &
8   citation omitted). These factors guide a court in deciding what to do and are not conditions that
9   must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products*
10  *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

      *Analysis*

12       Here, Plaintiff has failed to file a notice of change of address or to otherwise advise the
13  Court of his current address. As noted above, according to the Court's docket, Plaintiff's address
14  of record is "North Kern State Prison, P.O. Box 5000, Delano, CA 93216-9022." All orders
15  issued by the Court since February 14, 2025, have been served at that address.[1] On September 22
16  and October 20, 2025, mail directed to Plaintiff was returned to the Court marked
17  "Undeliverable" and no forwarding address was available. A recent search of the CDCR's
18  California Incarcerated Records and Information Search (CIRIS) tool using Plaintiff's full name
19  and CDCR number revealed "No Results."[2] Because Plaintiff has failed keep the Court apprised
20  of his current address in violation of the Local Rules, this action is subject to dismissal. Given the
21  Court's inability to communicate with Plaintiff, there are no other reasonable alternatives
22  available to address Plaintiff's failure to obey the Local Rules and failure to prosecute. Thus, the
23  first and second factors — the expeditious resolution of litigation and the Court's need to manage
24  its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

---

[1] Plaintiff submitted a Notice of Change of Address on February 14, 2025 (Doc. 13) and previously has submitted address changes on December 19, 2024 (Doc. 12), October 11, 2024 (Doc. 11), and July 22, 2024 (Doc. 8).

[2] https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=BY5256; https://ciris.mt.cdcr.ca.gov/results?lastName=chavez&middleName=m&firstName=pablo, last accessed 10/23/2025.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, while Plaintiff's complaint had not yet been screened and no defendant has appeared, these proceedings are essentially at a standstill because of Plaintiff's failure to keep the Court apprised of his current address. Plaintiff has unreasonably delayed the prosecution of this action since at least September 22, 2025, when mail directed to Plaintiff was returned to the Court as undeliverable. Thus, the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. It is his responsibility to do so. Instead, Plaintiff has stopped communicating with the Court altogether and has failed to comply with this Court's Local Rules. More than 30 days have passed since the USPS returned both orders issued September 11, 2025, yet Plaintiff has failed to file a notice of change of address in compliance with Local Rule 183(b). Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued August 3, 2023, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 3 at 1.) That Order further advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's

correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. … If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re-served a second time absence a notice of change of address. If a pro se plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute." (*Id*. at 5.)[3] However, as of January 1, 2025, Local Rule 183(b) provides that a change of address must be filed within 30 days.[4] The undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's Local Rules or failure to update his address. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has failed to prosecute this action. Having weighed the equities and considered the relevant factors noted above, the undersigned concludes that dismissal of this action is warranted.

### III.     CONCLUSION AND RECOMMENDATION

Accordingly, the Clerk of the Court is **DIRECTED** to assign a district judge to this action.

Further, for the reasons stated above, the Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District

---

[3] A blank "Notice of Change of Address" form was also provided for Plaintiff's use. (*See* Doc. 3 at 7.)

[4] The Local Rules state: "These Local Rules are effective on December 1, 2009, and shall govern all actions then pending or commenced thereafter." *See* Local Rule 100(e). Further, the Local Rules provide: "Immediately upon the adoption of these Rules *or any change in these Rules*, copies of the new and revised Rules shall be provided to such publications and persons as the Chief Judge deems appropriate. The Clerk shall promptly notify … *other law libraries maintained by the State* [like state prison law libraries] … in the Eastern District of California. Copies shall be distributed in a manner calculated to ensure maximum notification to those practicing in the Eastern District of California. A notice shall be posted prominently in the Clerk's Offices and on the Court's website." *See* Local Rule 102(c), italics added.

1  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**
2  after being served with a copy of these Findings and Recommendations, a party may file written
3  objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to
4  Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without
5  leave of Court and good cause shown. The Court will not consider exhibits attached to the
6  Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the
7  exhibit in the record by its CM/ECF document and page number, when possible, or otherwise
8  reference the exhibit with specificity. Any pages filed in excess of the 15- page limitation may be
9  disregarded by the District Judge when reviewing these Findings and Recommendations under 28
10 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result
11 in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).
12 IT IS SO ORDERED.
13   Dated:   **October 23, 2025**
14                                                                   UNITED STATES MAGISTRATE JUDGE

6